IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-8,108-05




EX PARTE SUGAR RAY FRANKLIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W11-55114-T(A) IN THE 283RD DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to five years’ imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance. The
State filed an answer in which it requested that the trial court designate issues to be resolved and
order a response from trial counsel. There is no order designating issues in the writ record nor is
there an affidavit from counsel or findings from the trial court. It is unclear whether a timely order
designating issues was signed and, if so, why the district clerk failed to forward it to this Court. It
is also unclear whether the trial court is aware that the district clerk forwarded this application to this
Court for disposition.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order both trial counsel and appellate counsel to respond to Applicant’s claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall state whether it signed an order designating issues in this cause and if
so, the district clerk will supplement the writ record with that order. The trial court shall make
findings of fact and conclusions of law as to whether the performance of Applicant’s trial counsel
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall determine whether appellate counsel’s actions or inactions deprived Applicant of his right
to direct appeal. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: January 15, 2014
Do not publish